UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>               Plaintiff,<br><br>    v.<br><br>D. SMITH, et al.,<br><br>               Defendants. | Case No. 1:24-cv-00515-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 12)<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS |

Plaintiff McGhee Tony Duclos, a state prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. On June 24, 2024, this Court issued a screening order on Plaintiff's initial Complaint. (Doc. No. 10). As discussed in the Court's screening order, the Court found the Complaint states cognizable Eighth Amendment excessive use of force claims against Defendants D. Smith and S. Santiago, and a cognizable First Amendment retaliation claim against Defendant M. De Lima but failed to state any other cognizable claims. (*Id*. at 1-2). The Screening Order afforded Plaintiff the opportunity to either (1) file a notice under Rule 41 and Federal Rule of Civil Procedure 15 that he is willing to

1 proceed only on the claims the court found cognizable in its screening order; or (2) stand on his
2 Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the
3 claims not deemed cognizable. (*Id*. at 10-11).
4       On July 22, 2024, Plaintiff filed a "Notice Under Rule 41 and Rule 15(a)." (Doc. No. 12).
5 In his signed and dated Notice, Plaintiff states, "I, the Plaintiff McGhee Tony Duclos intends to
6 stand on my complaint as screened herein and proceed only on my Eighth Amendment excessive
7 use of force claims against Defendants D. Smith and S. Santiago and my First Amendment
8 Retaliation claim against Defendant De Lima, thereby voluntarily dismissing Defendants Servin,
9 Herrera, Chapa, and Rodriguez, and any Remaining Claims the Court deemed not cognizable."
10 (*Id*. at 1).
11       A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing
12 a notice of dismissal before the opposing party answers the complaint or moves for summary
13 judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary
14 judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior
15 to an answer or motion for summary judgment to dismiss fewer than all named defendants or
16 claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).
17 Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under
18 Federal Rule of Civil Procedure 15(a). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d
19 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an
20 issue or one or more claims but not completely dismissing a defendant).
21       In accordance with Plaintiff's Notice, Plaintiff's Complaint will proceed only on his
22 claims against Defendants Smith and Santiago for Eighth Amendment excessive use of force and
23 against Defendant De Lima for First Amendment retaliation. (*See* Doc. No. 12). Defendants
24 Servin, Herrera, Chapa, and Rodriguez are voluntarily dismissed under Rule 15 and any other
25 claims deemed not cognizable are deemed withdrawn under Rule 15.
26       Accordingly, it is **ORDERED**:
27     1. The Clerk of Court shall correct the docket to terminate Defendants Servin, Herrera,
28        Chapa, and Rodriguez to reflect Plaintiff's notice of voluntary dismissal under Rule

41(a)(1) of these same Defendants.

2. The Court will direct service upon Defendants Smith, Santiago, and De Lima by separate order.

Dated: July 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE