UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>             Plaintiff,<br><br>      v.<br><br>D. SMITH, S. SANTIAGO, AND M. DELIMA,<br><br>             Defendants. | Case No. 1:24-cv-00515-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE:<br><br>MARCH 21, 2025 |

  Plaintiff McGhee Tony Duclos is a state prisoner proceeding pro se and *in forma pauperis* on his Complaint brought pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  As set forth in the Court's June 24, 2024 Screening Order, Plaintiff's Complaint  stated cognizable Eighth Amendment excessive use of force claims against Defendants Smith and Santiago and a cognizable First Amendment retaliation claim against Defendant De Lima but no other claims.  (Doc. No. 10).  Plaintiff agreed to proceed only on the claims deemed cognizable.  (Doc. Nos. 12-13).  On October 28, 2024 and November 20, 2024, Defendants filed Answers to the Complaint.  (Doc. Nos. 24, 30).

  The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.  *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney

General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for up to 120 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  The parties may not file any pleadings or motions during the stay period.  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2. **No later than March 21, 2025**, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:   November 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE